UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRYL PEAK,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-725-DRL-MGG

WESTVILLE MEDICAL STAFF *et al.*,

    Defendants.

## OPINION AND ORDER

Darryl Peak, a prisoner without a lawyer, filed a complaint that contains unrelated claims. ECF 1. Mr. Peak is suing all Westville Correctional Facility medical staff and an unidentified member of the Westville medical staff because he was unhappy with the medical care that he received for a hand injury. He is also suing all law library staff and an unidentified member of the Westville law library staff because he believes they retaliated against him by failing to file papers with the court. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Mr. Peak was instructed that he may not sue different defendants based on unrelated events and he was granted an opportunity to amend his complaint. He was cautioned that, if he didn't amend his complaint to include only related claims, the court would select one group of related claims and dismiss the others without prejudice. Mr. Peak didn't amend his complaint.

After considering the various allegations in the complaint, the court selects Mr. Peak's allegations regarding inadequate medical care to proceed here. His allegations against all Westville law library staff and John Doe Law Library Staff will be excluded from consideration in this lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Peak alleges that, on May 14, 2023, he requested medical care for a fractured hand. He doesn't say how he made this request or identify any particular individual he asked for medical care. He continued to ask for medical care because he was in pain and had trouble sleeping. Again, he doesn't say how he made these requests or identify any particular individual he asked for medical care. He indicated that medical staff refused to respond or responded inadequately to his requests, but he doesn't provide any details regarding the responses he did receive or any treatment he may have received. He asked for x-rays, but it is unclear if x-rays were taken. He asked to see a hand specialist and an unidentified medical staff refused to refer him to a hand specialist. He asserts that all members of the medical staff have been deliberately indifferent to his needs because they knew he was in pain and did nothing.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no

minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotations omitted).

The complaint is short on facts, dates, and specifics about the medical treatment Mr. Peak has received. Mr. Peak hasn't identified any individual, whether their name is known or unknown, and has instead alleged that every single member of the medical staff is deliberately indifferent to his needs, even if many of the staff members may have had nothing to do with this incident. It isn't plausible to infer from the factual allegations in the complaint that any particular member of the medical staff has been deliberately indifferent to Mr. Peak's serious medical needs. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint doesn't state a claim for which relief can be granted. If Mr. Peak believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He doesn't need to plead legal theories. Rather, he need only write a short and plain statement telling what *each defendant* did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name, if known, every time he refers to that defendant.

For these reasons, the court:

(1) DISMISSES Westville law library staff and John Doe Law Library Staff pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS Darryl Peak until **November 28, 2023**, to file an amended complaint; and

(3) CAUTIONS Darryl Peak if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

October 30, 2023

*s/ Damon R. Leichty*
Judge, United States District Court