UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRYL PEAK,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-725-DRL-MGG

NICHOLE BRIDEGROOM *et al.*,

    Defendants.

OPINION AND ORDER

Darryl Peak, a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Peak alleges that, on May 14, 2023, he broke his hand and sought medical attention. His request was refused. He made additional requests for treatment on May 17, May 20, June 1, June 2, June 19, and June 26. He filed a grievance on June 19. He wrote to the medical director and asked to see a specialist on several occasions. He is suing Medical Director Nichole Bridegroom and Warden Galipeau for compensatory and punitive damages.

Mr. Peak's earlier complaint alleged essentially the same facts. This court noted that, while Mr. Peak alleged that he requested medical care for a fractured hand on May 14, 2023, he didn't say how he made this request or identify any particular individual he asked for medical care. He alleged that he continued to ask for medical care because he was in pain and had trouble sleeping, but he didn't say how he made these requests or identify any particular individual from whom he asked for medical care. He indicated that medical staff refused to respond or responded inadequately to his requests, but he didn't provide any details regarding the responses he did receive or any treatment he may have received. He indicated that he asked for x-rays, but it wasn't unclear if x-rays were taken. He indicated that he asked to see a hand specialist and an unidentified medical staff refused to refer him to a hand specialist.

Mr. Peak's amended complaint suffers from the same deficiencies as his earlier complaint. He indicates that he made multiple requests for medical care for his hand, but he doesn't say how he made his requests or identify any particular individual he asked for medical care. He doesn't provide any details regarding the responses he did receive or any treatment he may have received. He doesn't indicate if x-rays were taken. He indicates only that he asked Medical Director Bridegroom to see a hand specialist and his requests were refused.

Mr. Peak has not pleaded facts from which it can be plausibly inferred that Medical Director Bridegroom was deliberately indifferent to his serious medical needs. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both

2

an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Here, Mr. Peak alleges only that Medical Director Bridegroom refused his requests to see a specialist, but it can't be plausibly inferred that Medical Director Bridegroom was deliberately indifferent to Mr. Peak's serious medical needs merely because she refused his request to see a specialist. Though this may amount to negligence or malpractice, it does not rise to the level of deliberate indifference.

Additionally, he is suing both Medical Director Bridegroom and Warden Galipeau because they were in charge of operations at the prison. But there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that the warden was personally involved in making decisions regarding Mr. Peak's medical care. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Mr. Peak, however, does not include facts from which it can be plausibly inferred that either Medical Director Bridegroom or Warden Galipeau facilitated, approved, condoned, or turned a blind eye to any unconstitutional action. Therefore, Mr. Peak cannot proceed against Medial Director Bridegroom or Warden Galipeau on this theory.

Mr. Peak's amended complaint does not state a claim. Mr. Peak has already been granted an opportunity to amend his complaint, and he did not address the deficiencies pointed out by the court in his amendment. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment

would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

 For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

 SO ORDERED.

 January 26, 2024            *s/ Damon R. Leichty*
                      Judge, United States District Court